**EVERSPRING ENTERPRISES, INC., Appellant,**

v.

**BUNGE EDIBLE OIL CORPORATION, Appellee.**

**No. 2–88–227–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 24, 1989.

Frederick S. Adams, Jr., Dallas, for appellant.

Decker, McMackin & McClane and Bradley H. Rice, Fort Worth, for appellee.

Before HILL, KELTNER and MEYERS, JJ.

## OPINION

HILL, Justice.

Everspring Enterprises, Inc. appeals from a judgment for the appellee, Bunge Edible Oil Corporation, in the amount of $20,961 awarded following trial before the court. In three points of error, Everspring asserts that: (1) the trial court erred in entering judgment for Bunge because Bunge failed to plead or prove a cause of action under the laws of the State of Texas; (2) there is no evidence, or alternatively, insufficient evidence to support the trial court's finding as to the amount of damages; and (3) the trial court erred in admitting evidence of market price over Everspring's objection since the evidence offered failed to comply with TEX.BUS. & COM. CODE ANN. sec. 2.724 (Vernon 1968).

We reverse and render judgment because Bunge did not plead or present evidence on the proper measure of damages.

Everspring contends in point of error number one that the trial court erred in entering judgment for Bunge because Bunge failed to plead or prove a cause of action under the laws of the State of Texas. Everspring urges that Bunge did not plead nor present evidence on the proper measure of damages.

It is undisputed that Everspring contracted with Bunge to purchase from Bunge 9,000 cases of 35# Imperial Oil at $13.79 per case and 1,000 cases of 35# BEOCO liquid at $14.08 per case, and that Everspring breached the contract. These liquids were made from raw materials, one of which was crude soybean oil. Bunge presented evidence to show that the difference between the value of the crude soybean oil earmarked for the Everspring contract, valued at the price as established by the Chicago Board of Trade as of the date of the contract, and the value of that same oil valued at the price as of the date of the breach was $20,961. The evidence showed that this was a loss to Everspring because the value of crude soybean oil had dropped from the date of the contract to the date of the breach.

The proper measure of damages in this case is the difference between the market price of the goods contracted for at the time and place for tender and the unpaid contract price. TEX.BUS. & COM.CODE ANN. sec. 2.708 (Vernon Supp.1989). Bunge did not plead or prove the value of the oil which they contracted to sell, as of the date of the breach.

Bunge contends that since the contract provides that it is to be construed in accordance with Illinois law, it must meet the requirement of Illinois law, which it contends that it did, rather than Texas law. Bunge acknowledges that Illinois statute S.H.A. ch. 26, ¶ 2–708 is identical to TEX. BUS. & COM.CODE ANN. sec. 2.708. We therefore find that under Illinois law the measure of damages is the same as we have outlined above. Even if we assume that the portion of the contract which asserts that it is to be construed according to Illinois law means that the Illinois measure of damages applies, Texas law would require, in a proceeding brought in a Texas court seeking damages for the breach of such a contract, that the plaintiff plead and prove its damages in accordance with that Illinois measure of damages. Bunge pled and proved as its damages the difference in value of the *crude* soybean oil, not the finished product—35# Imperial Oil and 35# BEOCO liquid. Bunge therefore did not plead or prove its damages under the proper measure of damages, which is the same in both Texas and in Illinois. Having failed to do so, it failed to plead or prove its cause of action under the laws of the State of Texas. We sustain point of error number one.

In view of our determination of this point of error, we need not consider the remaining points of error.

We reverse and render judgment that Bunge Edible Oil Corporation take nothing by its suit.